UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC FISHMAN,

                              Plaintiff,

              -against-

NEW YORK STATE UNIFIED COURT SYSTEM;
FORMER DA ANTHONY SCARPINO, in his
administrative and official capacity; FORMER
ASSISTANT DISTRICT ATTORNEY VICTOR
OLDE, in his administrative and official capacity;
DISTRICT ATTORNEY MIRIAM ROCAH,
Westchester County; JIM MCCALISTER, District
Executive 9th District NY Courts, in his administrative
and official capacity; JOHN SULLIVAN, Professional
ADA Executive, in his administrative and official
capacity New York Courts; and JOHN MECHMAN in
his administrative and official capacity, and RHONDA
BROWN, Chief County Court Clerk and ADA Liaison,
Westchester County Court, and WESTCHESTER
COUNTY, a county in New York State,

                              Defendants.

No. 21-CV-3517 (CS)

ORDER OF DISMISSAL

CATHY SEIBEL, United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fees have been paid, alleging that

Defendants violated his constitutional rights. For the reasons stated below, the Court dismisses

the complaint with leave to replead within thirty days of the date of this order.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh St. Tenants

Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (per curiam)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v.

Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the Court "has the power to dismiss a

complaint *sua sponte* for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609

n.11 (2d Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard."

*Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (per curiam); *see Perez v. Ortiz,* 849 F.2d

793, 797 (2d Cir. 1988).  The Court is obliged, however, to construe *pro se* pleadings liberally,

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims]

that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per

curiam) (cleaned up) (emphasis in original).

      Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d

6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of

Civil Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual

allegations as true and draws all reasonable inferences in the pleader's favor.  *Id.* (citing

*Twombly*, 550 U.S. at 555).  But the Court need not accept "[t]hreadbare recitals of the elements

of a cause of action," which are essentially legal conclusions.  *Id*. at 678 (citing *Twombly*, 550

U.S. at 555).  As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*.  (cleaned up).  After separating legal conclusions from well-pleaded factual allegations, the

court must determine whether those facts make it plausible – not merely possible – that the

pleader is entitled to relief.  *Id.*

**BACKGROUND**

Plaintiff Marc Fishman asserts that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 12133, 12188. He alleges that Defendants have discriminated against him in violation of Title II of the Americans with Disabilities Act (ADA), and section 504 of the Rehabilitation Act, by failing to reasonably accommodate his disability.

In 2013, Plaintiff had two car accidents, which left him disabled by traumatic brain injury, post-concussion syndrome, occipital neuralgia, tinnitus, peripheral neuropathy, cubital tunnel syndrome, disabilities from hernia surgery, temporomandibular joint syndrome (TMJ), and severe obstructive sleep apnea. (Doc. 1 at 2.) He alleges that in January 2020, during his criminal trial, which is pending in the Westchester County Court, Defendants failed to reasonably accommodate his disabilities, and that those failures prevented Plaintiff from being able to meaningfully participate or assist his attorney during the trial. A review of the records of the New York State Unified Court System reveals that Plaintiff's criminal case is pending, and his next court date is scheduled for July 26, 2021. *See* https://iapps.courts.state.ny.us/ webcrim_attorney/DefendantSearch.

Plaintiff brings this complaint seeking monetary damages, an order for a new trial, and other injunctive and declaratory relief.

**DISCUSSION**

**A.      Westchester County**

Because Plaintiff asserts that Westchester County violated his rights, the Court construes Plaintiff's claims as claims brought under 42 U.S.C. § 1983. When a plaintiff sues a municipality under § 1983, however, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,*

563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403-04 (1997); *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012);.

Here, Plaintiff does not include any facts about what the County of Westchester did or failed to do that caused a violation of his rights. In order to state a claim against the County of Westchester arising from the alleged actions of its employees, Plaintiff must plead facts explaining how a policy, custom, or practice of Westchester County was a "moving force" in his injuries. *See Cash*, 654 F.3d at 333 (holding that a § 1983 plaintiff "must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury.") (cleaned up). Plaintiff's allegations thus fail to state a claim on which relief can be granted against Westchester County under § 1983. The Court dismisses Plaintiff's claims, but grants Plaintiff leave to replead to allege facts about what Westchester County did or failed to do that caused the violation of his rights.

Moreover, the Westchester County Courts cannot be sued in their own name. *See* Fed. R. Civ. P. 17(b); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."). Plaintiff

must therefore name the County of Westchester, rather than the Westchester County Courts, as a defendant for any claims that he wishes to assert against the Westchester County Courts.

## B.      Eleventh Amendment Immunity

Plaintiff's claims against the New York State Unified Court System, and its employees  – Jim Mccalister, District Executive 9th District NY Courts; John Sullivan, Professional ADA Executive; Rhonda Brown, Chief County Court Clerk and ADA Liaison; and John Mechman  – must also be dismissed.  "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state."  *Id*. (cleaned up).  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Plaintiff's § 1983 claims against the New York State Unified Court System and its employees – Jim Mccalister, District Executive 9th District NY Courts; John Sullivan, Professional ADA Executive; Rhonda Brown, Chief County Court Clerk and ADA Liaison; and John Mechman – are therefore barred by the Eleventh Amendment and are dismissed.

## C.      Prosecutorial Immunity

Plaintiff's claims against Former DA Anthony Scarpino, Former Assistant District Attorney Victor Olde, and District Attorney Miriam Rocah must also be dismissed.  Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'"  *Giraldo v. Kessler*, 694 F.3d 161,

5

165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it") (cleaned up).  In addition, federal prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity).

Here, Plaintiff's claims against Defendants are based on actions within the scope of their official duties and associated with the conduct of a trial.  Therefore, these claims are dismissed because they seek monetary relief against Defendants who are immune from suit and as frivolous.  *See Collazo v. Pagano*, 656 F. 3d 131, 134 n.2 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### D.     *Younger* **Abstention Doctrine**

According to the records of the New York Unified Court System, Plaintiff's criminal case is pending, and the next court date is scheduled for July 26, 2021.  *See* https://iapps.courts. state.ny.us/webcrim_attorney/DefendantSearch.

To the extent that Plaintiff is asking the Court to intervene in his pending state-court criminal proceedings, the Court must dismiss those claims.  In *Younger v. Harris*, 401 U.S. 37 (1971), the U.S. Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate.  *Gibson v. Berryhill*, 411 U.S. 564, 573-74

(1973) (citing *Younger*, 401 U.S. 37); *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.")

Plaintiff has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state-court criminal proceedings. The Court will therefore not intervene in those proceedings.

## E.    Leave to Replead

Second Circuit precedent is clear that "a *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (cleaned up). Because the nature and viability of Plaintiff's municipal liability claims are not clear, the Court grants Plaintiff leave to replead **solely** with a respect to a municipal liability claim against Westchester County within 30 days of the date of this order.

In the event that Plaintiff chooses to file an amended complaint, the Court strongly encourages him to ask for assistance from someone who can help him organize his thoughts and claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached to this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's Pro Se Intake Unit.

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting his municipal liability claim against

Westchester County. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant persons;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief he seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights and how, when, and where such violations occurred, as well as why Plaintiff is entitled to relief.

Further, Plaintiff is instructed not to call or email Chambers. Communication with the Court must be via the Pro Se Office.

**CONCLUSION**

Plaintiff's complaint is dismissed because it seeks relief against Defendants who are immune from such relief and because his claims are barred by the *Younger* abstention doctrine. The Court grants Plaintiff 30 days' leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3517 (CS). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 1, 2021
        White Plains, New York

                                            CATHY SEIBEL
                              United States DistrictDistrict Judge